Amy Lynn Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY BELL, | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | 1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227, ET. SEQ. |
| KOHL'S DEPARTMENT STORES, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

RICKY BELL ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against KOHL'S DEPARTMENT STORES, INC. ("DEFENDANT"):

# INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

# JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of California, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

# PARTIES

5. Plaintiff is a natural person residing in Palmdale, California 93550.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business located at N56w17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in early September 2015, Defendant placed repeated calls to Plaintiff's cellular telephone.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automated telephone dialing system and/or pre-recorded voice.

14. The automated calls would include a pre-recorded voice or message staing: "This is Kohl's Department Store. We're calling for Ricky Bell."

15. Defendant also left pre-recorded voice messages to Plaintiff's cellular telephone stating: "This is Kohl's Department Store. We're calling for Ricky Bell."

16. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect a store card account balance.

17. In September 2015, Plaintiff spoke with Defendant and revoked any consent that may have been given to Defendant to call his cellular telephone number.

18. However, Defendant ignored Plaintiff and continued to call him through January 2016.

19. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

20. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant's calls to Plaintiff were not made for emergency purposes.

23. Defendant's calls to Plaintiff, on and after September 2015, were not made with Plaintiff's prior express consent.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, RICKY BELL, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17; and

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, RICKY BELL, demands a jury trial in this case.

                                        Respectfully submitted,

DATED: February 26, 2016     By: /s/ Amy Lynn Bennecoff Ginsburg
                                        Amy Lynn Bennecoff Ginsburg, Esq. (275805)
                                        Kimmel & Silverman, P.C.
                                        30 East Butler Pike
                                        Ambler, PA 19002
                                        Telephone: (215) 540-8888
                                        Facsimile (215) 540-8817
                                        Email: aginsburg@creditlaw.com
                                        Attorney for Plaintiff